UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

COREY HOWARD RICHARDSON,

    Plaintiff,

v.                                       Case No. 5:10-cv-588-Oc-27PRL

JAIME WARREN,

    Defendants.
_____

## ORDER GRANTING SUMMARY JUDGMENT

Plaintiff, a federal prisoner proceeding *pro se*, filed this prisoner civil rights action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,[1] against Jaime Warren, a correctional officer at the Federal Correctional Complex in Coleman, Florida.[2] Plaintiff alleges that Warren violated his Eighth Amendment rights when Warren pushed him in the back of the neck into a steel recreation cage as he was being escorted, in handcuffs, to the recreational cage at FCC Coleman, resulting in lacerations to his face. Before the Court is Defendant's Motion for Summary Judgment, See Doc. 37, to which Plaintiff has responded. See Doc. 40.[3]

---

[1] 403 U.S. 388 (1971).

[2] Plaintiff is currently confined at the United States Penitentiary, in Lewisburg, Pennsylvania, serving a 46 year sentence imposed in the District Court of Maryland (Baltimore) as a result of his 2006 convictions for possession with intent to distribute cocaine base (crack) and firearms offenses. He has an extensive disciplinary history while in the Bureau of Prisons. See Doc. 37, Ex. A.

[3] In accordance with Griffith v. Wainwright, 772 F.2d 822 (11th Cir. 1985), Plaintiff was notified of the requirements of Rule 56, Fed.R.Civ.P. See Doc. 11.

## Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) authorizes summary judgment when all "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918 (11th Cir. 1993), *re'hrg and re'hrg en banc denied*, 16 F.3d 1233 (11th Cir. 1994).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Hairston, 9 F.3d at 918 (*citing* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). If the movant successfully meets its burden, the burden shifts to the non-movant to establish, by going beyond the pleadings, that genuine issues of material fact exist. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604- 608 (11th Cir. 1991).

## Discussion

### The Undisputed Material Facts

1. When the incident occurred, Plaintiff was housed in the Special Housing

Unit (SHU) at USP-1 Coleman.[4] After attending an unrelated disciplinary hearing, he was being escorted back to the SHU by Officer McClean, when he kicked over a food cart, kicked a door shut, and became combative. See Doc. 37, Ex. B, Declaration by Officer Bone.

2. Defendant Warren responded and approached to assist in escorting Plaintiff to the recreation cage. See Doc. 37, Ex. B, Declaration by Officer McLean. Plaintiff turned his head toward Warren and attempted to spit on him. See Doc. 37, Ex. B, Declaration by Officer Bone.[5] Warren placed his hand on Plaintiff's upper back and pushed him inside the recreation cage. See Doc. 37, Ex. B, Declaration by Officer McLean; Declaration by Officer Harris. See Doc. 35-5.

3. Warren acknowledges that after Plaintiff became combative, made "hocking" noises, and attempted to spit in his face, he placed his hands on Plaintiff's

---

[4] 28 CFR 541.21: "Special housing units are housing units in Bureau institutions where inmates are securely separated from the general inmate population, and may be housed either alone or with other inmates. Special housing units help ensure the safety, security, and orderly operation of correctional facilities, and protect the public, by providing alternative housing assignments for inmates removed from the general population." The typical purpose is to deal with major disciplinary issues. See 28 CFR 541.25, 26.

[5] In his unsworn response to the summary judgment motion, Plaintiff maintains that Warren and the other officers lied about him attempting to spit on Warren. Doc. 11, p. 7. That unsworn contention does not raise a material factual issue about the spitting attempt. Gordon v. Watson, 622 F.2d 120, 123 (11th Cir.1980) ("Although pro se litigants are not held to the same standards of compliance with formal or technical pleadings rules applied to attorneys, we have never allowed such litigants to oppose summary judgments by the use of unsworn materials."). Federal Rule of Civil Procedure 56 requires a party asserting that a fact is genuinely disputed to support his assertion by citing to specific materials in the record, and a failure to do so allows the district court to consider the facts as undisputed for purposes of the motion for summary judgment. Fed.R.Civ.P. 56(c)(1)(A), (e)(2). Williams v. Slack, 438 Fed.Appx. 848, 849,(11th Cir. 2011). Plaintiff's response does not meet the requirement of Rule 56(c). Even if Plaintiff's response is considered, it is insufficient to defeat summary judgment. Whether or not he spit on Warren is not material. Plaintiff does not dispute that he kicked over the food cart, kicked a door shut, and became combative with the officers escorting him.

him into the recreational cage so that the door could be secured. Doc. 37-5, Interrogatory answers, ¶ 6.

4. After the incident, Nurse Lloyd Taylor applied 1/4" steri-strips and a band aid to three small facial lacerations on Plaintiff. No stitches were required. See Doc. 37, Ex. B, C. According to Nurse Taylor, "[w]hen I examined inmate Richardson, he was agitated and had a 0.5 cm laceration on his mid-forehead area, a .25 cm laceration on the upper lip. He appeared well, alert, and oriented and did not display any other injuries." See Doc. 37, Ex. B, Affidavit of Lloyd Taylor.

**Eighth Amendment**

Considering the undisputed material facts, there was no Eighth Amendment violation. Whether a correctional officer's use of force is actionable depends on "whether that force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm."[6] In determining whether the force was applied maliciously and sadistically to cause harm, a variety of factors are considered, including: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."[7] "From consideration of such factors, inferences may be drawn as to whether the use of force could plausibly have been thought necessary,

---

[6] Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (internal quotations and citation omitted).

[7] Skrtich v. Thornton, 280 F.3d 1295, 1300 (11th Cir. 2002).

or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." Hudson v. McMillian, 503 U.S. 1, 9-10 (1992).

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. And "not every push or shove, even if it may later seem unnecessary," violates a prisoner's constitutional rights. Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973). Rather, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes *de minimis* use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."[8] And courts should defer to the judgment of prison officials who typically make snap decisions concerning the use of force in pressured, tense, and threatening circumstances. Id. at 6; Whitley v. Albers, 475 U.S. 312, 320-321 (1986). And to establish liability under the Eighth Amendment, the inquiry consists of both an objective component, which requires the injury to be "objectively, sufficiently serious," and a subjective component which requires the guard to have a "sufficiently culpable state of mind." Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006).

This case does not rise to the level of a constitutional violation. It is undisputed that Plaintiff was being combative and disruptive in the SHU when he was being escorted to the recreational cage. He attempted to spit on Warren and physically resisted the efforts to control him. Objectively, Warren's use of force was

---

[8] Id. (internal quotations omitted).

proportionate to the need and therefore constituted a good faith effort to maintain or restore discipline under the circumstances, rather than a malicious and sadistic intent to cause harm. See Williams v. Slack, 438 Fed.Appx. at 851 ("This Court gives great deference to prison officials acting to preserve discipline and security, especially when they make decisions at the scene of a disturbance, and thus the amount of force used was proportionate to the need for force."). And considering the minor nature of the facial lacerations Plaintiff suffered, Warren's use of force was *de minimis.*

### Qualified Immunity

Warren is entitled to qualified immunity. A two-part analysis applies in evaluating whether qualified immunity protects Warren. First, he must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful act occurred. Second, if he meets this burden, Plaintiff must demonstrate that Warren violated clearly established law based upon objective standards. Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002).[9]

There is no dispute that at the time of the incident, Warren was acting within the scope of his discretionary authority as a correctional officer. Accordingly, Plaintiff must demonstrate that qualified immunity is inappropriate under the two part test discussed in Pearson v. Callahan, 555 U.S. 223 (2009). First, Plaintiff must demonstrate that Warren's conduct violated his constitutional rights. Second, he

---

[9] See, e.g., Zeigler v. Jackson, 716 F.2d 847, 849 (11th Cir. 1983).

must demonstrate that his right was "clearly established" at the time of the alleged misconduct. Id. at 232.

The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001). "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." Id.; Marsh v. Butler County, Alabama, 268 F.3d 1014, 1031 (11th Cir. 2001) (en banc).

Plaintiff has failed to show that Warren violated clearly established law. As discussed, Warren used proportionate force to control the situation after Plaintiff became combative and attempted to spit on him. That conduct was not clearly unlawful under the circumstances. Plaintiff cites no authority supporting a contrary conclusion. Warren is therefore entitled to qualified immunity.

Accordingly, Defendant's Motion for Summary Judgment (Doc. 37) is **GRANTED**. The Clerk is directed to enter judgment in favor of Defendant Warren, terminate any pending motions, and close the file.

**DONE AND ORDERED** this 25th day of February 2014.

JAMES D. WHITTEMORE
United States District Judge

copies: Corey Howard Richardson
Counsel of Record

- 7 -